Our next case is number 2012-7164. Thomas Bender on behalf of Edward Geib. Mr. Geib is a WWII veteran with several service-connected disabilities. He has a bilateral trench foot or a cold weather injury to both feet that he's had since WWII. He has bilateral tinnitus and bilateral hearing loss that have been service-connected since 2005. This appeal arises out of the denial of his claim for a total disability rating based upon his individual unemployability under regulation 4.116. The basis for the appeal that I'd like to focus on is the VA statutory duty to assist. Under the duty to assist statute, specifically Section 5103A.D.1, the VA has a duty to obtain a medical opinion, quote, necessary to make a decision on the claim, period. There were two medical opinions obtained in this case, one for the trench foot and the other for the hearing loss. That's correct, and our argument is and will be that neither one of them constitutes the necessary opinion. You want a third opinion to review the first two opinions and to come up with an opinion that's the aggregate effect of those. That's correct, Your Honor. On a practical matter, does that work? I mean, here you've got two distinct things. Presumably the expert on the trench foot had a significantly different medical expertise. Certainly. Does the VA, in order to satisfy the duty to assist, have to hunt down a particular medical expert that has expertise in both of the discrete areas of medicine? No, Your Honor. To be sufficient? No, Your Honor, and that's the government's super expert argument. What we're asking for is essentially a third opinion. Whenever there is a situation… But a third opinion, but I mean, you're not entitled to a third opinion on the same things. What you're asking for is saying the two separate opinions are insufficient because they didn't consider, as Judge Reyna mentioned, the disability in the aggregate, right? That's correct. So it would have to be, in order to be an expert opinion, it would have to be someone who has expertise in all of the areas, right, that are affected? No, I don't believe that is so. The core issue here is whether or not the question of whether or not the combined aggregate effect of his multiple disabilities has an impact on his ability to be employed, to perform an occupation, is… The question is whether or not that is a medical question or a lay question, and we posit that it is a medical question. But to answer your concern specifically, what we are suggesting to happen here is that a third expert, a third medical expert, be appointed to review the reports of the cold weather exam and of the audio exam and look at their conclusion. There's no dispute on the medical problems that your client suffers. That's right. The question is, this medical problem does not allow him to do X, Y, and Z, but allows him to do A, B, and C, right? That's what one medical opinion says, and the other applies that same analysis to the other problem. But they each do so in a vacuum. For example, the cold weather expert said that based upon this individual's injury to his feet, he could do sedentary employment. The audio examiner said that this person could do sedentary employment, but with some very interesting qualifications. He can't use a phone because he can't really communicate over the phone. He has difficulty with speech recognition, so he would have to have little contact with the public. He'd have to have little supervisory control, and he'd have to… So what's the big deal about combining those two and saying, okay, put together the limitations is you have to be sedentary, but it has to be sedentary that allows him to function with respect to the phone calls or whatever. Why is it a medical issue how to combine those two limitations that arise from each of his conditions? You have two questions there. What is the difference? The first thing I'd like to say is that we do not know whether or not the cold weather examiner would still have determined that this person was capable of sedentary employment if he had been aware of the limitations that his hearing problems had. What you're really saying is that the government had to provide a vocational expert. No, I'm not. You're not? They could do that. They could do that. But what I'm saying is that the question of how an injury or the effect of an injury impacts the ability to do work is a medical question, and there's three aspects of veterans' law that point to that conclusion. Once you understand the disability at play, why is it a medical question to determine whether in the aggregate they achieve a certain amount of unemployability? Why can't the board take a look at that, the board with their expertise and their own experience in these matters, take a look at the two medical opinions and then arrive at a disability rating for unemployability? Because that's not the VA practice and that's not what they do in the case of a single disability. Take, for example, a scheduler disability where there's a single disability. The rating schedule is one example of where the VA determines that the effect of a particular limitation or restriction on a person's physical abilities, how that translates into a loss or an impairment of earning capacity. The rating schedule itself is – it has boxes of conditions or symptoms that might be applied, and then it sets forth along that what the percentage disability or percentage impairment of earning capacity is there. That box that represents that 50% or 30% or 70% is essentially a collective expert opinion on how those restrictions on a person's ability to do certain things translate into an impairment of earning capacity. If you look at a TDIU case under 4.16, the practice of the VA, as they did here, say there was just one disability, they send that person for a medical examination and they do as they did in this case, they ask the medical examiner to comment on the severity of the particular injury or condition that they have. Then, as they did in this case, they ask them to opine on the effect of that impairment on their ability, in this case, to do physical or sedentary work. What are the qualifications of the experts that you say they should have? Medical. Just medical? Excuse me? Internist? What are the qualifications? In this particular case, it will be up to the discretion of… I don't know if there is such a thing. Well, I mean, there are probably some circumstances where you could contest the selection of a particular person, but in this case, they could either… You keep using the word expert opinion. Yes. If we were dealing with the disability of a hand, you'd sit here and argue that we need an expert opinion from an expert that deals with hands. So, now we have two disabilities, hearing and foot. So, do we need an expert that specializes in both of those disabilities? Well… And isn't that, if the answer is yes, because it seems like that's what you're saying, isn't that too big of a burden on the system? And where under 416 does it say that that's necessary? It doesn't say it specifically, but in Moore v. Shinseki, the Veterans Court addressed the situation of a TDIU application in the context of a single disability. And in that case, in reviewing Frisha and Beatty v. Brown, they came to the conclusion that where employment is an issue, the ability to perform a particular occupation is an ability, the VA is required to get an expert opinion or to get a medical opinion on their ability to do that. And that's with respect to a single disability. If that is true with respect to a single disability, why isn't it true with respect to multiple disabilities? Can you walk me through the practical implications of this? So, you say, if you prevail here, they hire some general practice guy. And he takes the limitations imposed by the foot problem, the disability, and combines them with the limitations by the hearing. Where does that come out? I mean, it isn't a question of saying they've eliminated him doing these five tasks, and the other has eliminated him doing these five tasks. So, you can only be employed within that for the tasks remaining. I think there's two points I want to make here. We're arguing about whether or not there is an expert that is capable of doing that. Why do we think that a VA adjudicator, either at the regional office level or a veterans law judge at the board, is any more capable than somebody who has medical expertise in order to evaluate how that combination of factors affects a person's ability to work? It's not a question of whether he's more qualified. The question is, you're saying they should have gotten an expert, but you haven't been able to identify who the expert is. Yes, they had a medical opinion about the hearing. They had a medical opinion about the foot. Those are experts, but there's nobody who's an expert in combining those two things. Well, what is necessary is a medical expert who can consider... It does not have to be a particular person. You're not answering my question. Is there such a thing as an expert who is expert in combining the two disabilities? Well, the choice is between a person who has medical expertise, generalized medical expertise, even if it is with respect to cold weather injuries, even with respect to ear injuries, or with respect to mental and psychological injuries. So you're not able to identify a category of persons who is expert in combining those two things. What I am able to say, or what I am asserting, is that they are more qualified than a lay person. Who's they? That's the problem. A physician, a medical. Not any particular one, but somebody who has medical training is more qualified than a lay person. Somebody who can look at all of those particular conditions and determine their effect on them. One of the problems you have is that the regulation 4.16 talks about the judgment of the rating agency. That's correct. So in your view, what judgment is brought to bear? The judgment of the rating agency is the judgment that is concluded after a review of the relevant medical evidence. If there had been a single disability, they still would have asked for an opinion from a medical physician, a doctor, as to the effect of that condition on the veteran's ability to perform a particular occupation. And then they would evaluate that particular medical decision. Now they have two different opinions with regard to the different aspects of his disability, and they're evaluating what that means with regard to his employability. Isn't that exactly what's contemplated by the regulation? I do not believe that it is, because if you have to have medical expertise to evaluate the effect of one condition, there is no reason why you shouldn't also have to have medical expertise to evaluate a number of physicians. Before I run out of my rebuttal time, I would just like to make the point. The process that the government and that the board run under is that the whole of the parts is equal to the sum of the parts. The whole is equal to the sum of the parts. And what 4.16 recognizes is that in some occasions, the whole is greater than the sum of the parts. And that's where the medical expertise comes in. I'd like to save the remaining 39 seconds for rebuttal. We'll give you two minutes. Thank you. Ms. Kidmiller? Please, the court. The court has asked, is there such a thing as a medical expert who can combine all of the factors that go into the decision whether a veteran is entitled to a TDIU or total disability individual unemployability? Counsel, it seems to me that when you have a veteran that's got two different disabilities, it makes sense that some determination has got to be made that if you aggregate or to aggregate the effects of those disabilities in order to determine employability. Was that done in this case? Yes, Your Honor. The rating official did that here. And does the opinion, do the various opinions reflect that? Yes, Your Honor. And one example of how that was done here is that the audiologist here, for example, said, and this is at page 60 of the record, that Mr. Gibe should be able to perform either physical labor or sedentary labor. The cold examiner, however, said he could not perform physical labor as a result of his remaining. So this is my point. I mean, you have the hearing doctor says he can perform physical labor, then you have another doctor says he can't perform physical labor. Don't we need some sort of judgment that looks at both of those disabilities and considers the aggregate effect? Yes, Your Honor, and as I was saying, that is what the rating official and then in turn the board and the veterans court did here. So the rating at issue here, the relevant portions are at page 98 and 99 of the record, and the rating official explained how the audiologist opined that Mr. Gibe could perform either physical or sedentary employment. However, the audiologist, or excuse me, rather the cold examiner said he could only do sedentary labor. So the ratings board, putting all of that together, along with Mr. Gibe's educational background, his prior work experience, put all of that together and reached the conclusion that he would be able to obtain and maintain gainful employment at a sedentary job. The board in turn found the same as a factual matter, and as the veterans court explained at page 6 of the record, Mr. Gibe did not challenge that factual finding before the veterans court. He did not claim that the finding he could perform sedentary work was in any way clearly erroneous. And those are all factual findings, of course, that this court's jurisdiction does not provide for any review of. Mr. Gibe did argue before the veterans court, as he does before this court, that there should be an extension of the law and that it's somehow inferred or implicated through the duty to assist or other provisions of law that VA must provide one, as we've used the term, super expert. For example, the ear and foot doctor who can opine as to the combined effect of a veteran's disability. But he's distanced himself from that argument. If I understood his argument this morning, he was down to any kind of general practice doctor, but still his argument, I think, is that whatever the medical expertise of a particular physician, it's got to be better than that of the rating official. We disagree with that, of course. And the regulation clearly puts the decision, quote, whether a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disability, puts that final judgment in the province of the rating agency, because it's not solely a medical question. It also, as previously mentioned, incorporates information about the veteran's educational background. If various doctors opine that the veteran could only be employed as an attorney, but the veteran didn't have any legal training, then obviously the rating official would need to consider that. But you're telling us the way they analyze the variety of medical expert testimony is to take the lowest common denominator, so that if one medical expert rules out a certain type of employment because of one of his disabilities, that's eliminated. And if another eliminates another kind of employment because of another disability, that's eliminated. So any layperson can kind of put that together and come down with the lowest common denominator of the smaller pool of jobs or tasks that this individual is competent to perform, right? In a way, of course, the ratings officials also consider issues such as the competency of the particular expert. There might be credibility issues that come up. The rating official will examine the reasoning set forth in each medical examiner's opinion to determine whether it provides a sufficient basis for the conclusion. So there are those additional moving parts. Now, the Veterans Court in Moore, which is the case that Mr. Gide relies upon this morning, explains this clear distinction.  on the veteran's ability to earn a living, whereas the medical officials look at more specific physical ability questions, such as can the veteran stand for a long period of time? Can the veteran, as in this case, use the telephone given his hearing loss? And as Mr. Gide concedes, then that ultimate judgment is one that the regulation entrusts to the rating official. And there's no reason for this court to... So when we look at 416, and towards the end of 416B, it says the rating board, and that's who you're talking about now, right, will include a full statement as to the veteran's service-connected disabilities, employment history, and then it goes on and says, and all other factors having a bearing on the issue. And it describes a full statement, which I take to mean showing the analysis, the reasoning behind the decision. Where in this memorandum from the rating board and from the board itself, does it show that the aggregate effect of the disabilities was considered? Well, a couple of responses to that. First, I do think it's important to point out that those factors are listed under 4.16B, which applies to non-scheduler TDIU ratings, and that's a situation where the rating board is not responsible for the ultimate decision on the TDIU claim. Rather, the rating board gathers information and forwards the claim to the director of the Compensation and Pension Service. So these particular factors are specifically listed here to tell the rating officials what information they need to send forward so that the Compensation and Pension Service can make that decision. Mr. Guyde's claim arises under 4.6A, which is the scheduler rating portion, meaning that he already has a sufficiently high combined disability rating. He's rated at 90% disabled, such that this falls into that category of cases where the rating board makes the decision based on the records of the first instance. So there's no specific requirement in the regulation that the rating board discuss each of these factors in its opinion, and certainly not, as Mr. Guyde advocates in his brief, any requirement that a medical doctor discuss any of these factors under either part of the regulation. However, as previously explained, the rating board here did consider the combined effect of the two separate medical opinions. At page 98 of the record, the rating board describes the results of the audiology examination, describes the results of the cold injury, that runs over to page 99, and then reached to the conclusion that no evidence had been submitted to show that Mr. Guyde was unable to secure or follow a substantially gainful occupation. Now the board... Do you agree, shorter answers are good, so that we can get to questions. Do you agree that there may be circumstances under which two medical conditions might interact with each other, and there would be a need to have an expert opine as to the effect of the combination? I mean, an example might be if someone suffers from high blood pressure and epilepsy, and that somehow the combination of those two things would be more disabling than each one standing alone. Do you agree that there are at least some circumstances in which a medical opinion might be required for such a combination? Yes, but of course that doesn't mean that, as Mr. Guyde asserts, that it would, as a matter of law, be required in every case where a veteran has more than one disability. Which cases would it be required in? Well, we've had one example from the court. Any number of hypotheticals where you have medical... Well, not in this case, where you have one doctor who says, you've got trench foot, you've got to sit, you can't move around. Another one that says you've got a loss of hearing, you can't be in a job where your hearing is required or where you interact with the public. Did anybody consider the combined or the aggregate effect of those disabilities in order to determine if he was employable? Well, importantly here, that's not what the two opinions were. In other words, it wasn't one examiner pointing to you can only do physical work and the other examiner saying you can only do sedentary work. Here, both examiners said that Mr. Guyde could perform sedentary work. If they had, given those conflicting opinions, if one had said you can only do physical labor and the other had said... I read that and I was interested in that. So sedentary work can be answering telephones, right? Yes, Your Honor. But he can't do that. Well, I don't know if it's clear whether he can do that or not. So it appears to me that there's a certain percentage of sedentary work that would be not applicable because he can't do that type of work or interacting with people. Well, certainly he probably couldn't do any sedentary job that anybody would plan. Well, that's the point. Is there anybody that considers that, exactly what type of job he could do and if he'd really be able to do that? Yes, and in fact the board here said that the type of sedentary job that Mr. Guyde could still perform would be the type of work that he had previously done. If I understand what you're saying, you're saying if there's a medical interaction of the two conditions, you may need a third medical expert. But here it's not a medical interaction of the two conditions. It's a vocation. Each one imposes its own vocational limits and that the effect of the combined vocational limits is not a medical issue. It's really a vocational issue. I'm not sure that I would agree that there's even a vocational issue here. Well, there's an issue as to what one doctor says this imposes certain limits, the other doctor says this imposes certain limits. What you're saying is that figuring out how those limits might affect his employment isn't a medical issue. That's right. It's a vocational issue, whether he can do those, whether there's a job that he can perform consistent with those two separate limitations. That's right, and the board here made an unreviewable and even unchallenged for the Veterans Court factual finding that the type of work that Mr. Guyde could still perform. Doesn't the board just refer back to the two separate opinions and say that it appears that he can undertake sanitary jobs? In fact, it says such as the one he had before, but the record indicates he left his carpet job because he couldn't hear. Well, I'm not familiar with evidence in the record saying that that's why he retired. He did retire in 1989, and the board said that that carpet consulting, carpet supervisory work is the type of work that he could still perform, and again, as the Veterans Court explained at page 6, he did not challenge that before the Veterans Court. The Veterans Court explained the board expressly found that both VA medical opinions, quote, appeared to indicate that Mr. Guyde would be employable in the type of sedentary position that he had previously held. Well, Mr. Guyde does not assert that this factual finding is clearly erroneous, and so this court should affirm the decision of the Veterans Court and decline Mr. Guyde's invitation to extend 4.16 beyond the plain language of the regulation. Can I ask a question before she sits down? Are you saying that this type of evaluation, the vocational evaluation that Judge Dyke is talking about, was that done in this case at all? There was no vocational expert here. Not an expert, just an opinion, a vocational opinion that looked at the two disabilities and made a vocational determination as to unemployability. Yes, and I'm saying that that necessarily is part of the determination that's made under 4.16, and then the rating official... So do you think it's necessary that that type of determination be made? I agree that it's necessary that the rating official identify some kind of work that the Veteran could still do. Yes, because otherwise the Veteran... Consistent with both medical limitations. Consistent with the medical limitations, right. Now that does not, however, extend to something like a labor study to determine whether there were actually jobs in the geographic area. This Court has found that that is not part of the calculation. We're not talking about that. So whether medically speaking this Veteran could be employable, that is the ultimate question. In view of the limits imposed by the two separate medical opinions. Yes, Your Honor. And you say that that's necessary and that happened here? Yes, the ultimate judgment is whether the Veteran can secure or follow a substantially gainful occupation, and the finding here was that he could. Okay. Thank you. Thank you, Ms. Kidmiller. Mr. Bender? Thank you, Mr. Muir. Briefly, I'd like to address two issues or two points. The government agrees that in some cases there may be instances where one condition might increase the effect of another. I believe it was an answer to your question. My question is who decides that? Isn't that... Well, I think they would say in that circumstance that there would have to be a third medical opinion which addresses the medical effect of combining the two disabilities. Right. But what they're saying is that there's not a medical question here. There are just two separate limitations and that a layman, you know, a rating examiner, can make the combination and figure out what limitations that places on employment. Well, I would disagree with that. I don't think that a layman has the ability. I don't think I have the ability. I don't think Veterans Court judges have the ability to determine whether or not one particular medical condition might have an adverse effect that would amplify the effect of another adverse condition and that, therefore, that's why you need the third medical opinion to look at that. Maybe they'll decide that there is no... It does not increase the adverse effects of the other condition, but maybe they will. But that determination is a medical determination. It's not a layman's... But there's very little question that requires some medical expertise that specializes, right? Um... It may... It requires some medical expertise that is... Yes, I don't know that if it's... If specialized is the word, is that you have to pick that particular person, because I'm not trying to make it that difficult for the VA. I know they have a difficult job, but they have to have at least some medical person look at this to make that determination. Why would it require a medical person? I mean, you have one doctor, one expert, that gives an opinion as to the trench flood. You have another expert that gives an opinion as to the hearing. Why do you need a third expert? Or... Especially when the issue now is unemployability. Because you have no one who has looked at the entire picture. But if you're looking at the entire picture in order to determine whether the Veteran is employable or not, aren't you talking about a vocational expert or somebody that works in the vocational field? You can be, but they're two separate questions as to whether or not this compilation of conditions will affect... how they will affect a person's ability to work. A vocational expert is somebody who looks at, okay, once you know what the limitations are, do they fit this particular type of job? And do I still have time, Your Honor, to address... Probably you have time to answer Judge Rina's question, but otherwise we're out of time. Well, what I would like to answer that in is, you had asked whether or not there was any aggregate... any determination of what the aggregate effect was of these. The Board, in its decision, and you also addressed education and whether or not somebody addressed his educational qualifications and his vocational qualifications. The Board, in its decision, said, both experts appear to indicate that Mr. Guy would be employable in the type of sedentary position that he previously held. There is no evidence whatsoever to support that in the record. And this Court... Mr. Bender, I think we're about out of time. Thank you very much. Thank both counsel.